**UNITED STATES of America,**
**Appellee,**

v.

**John SHANDORF, Defendant–**
**Appellant.**

**No. 01–1047.**

United States Court of Appeals,
Second Circuit.

Oct. 3, 2001.

Barry M. Fallick, Esq., New York, NY, for appellant.

Martin E. Coffey, Assistant United States Attorney; Loretta E. Lynch, United States Attorney, Eastern District of New York; Peter A. Norling, Assistant United States Attorney, on the brief, Brooklyn, NY, for appellee.

Present WALKER, Chief Judge, OAKES, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant John Shandorf appeals from a January 22, 2001 judgment of

conviction, after a jury trial, of 22 counts of conspiracy and bribery, in violation of 18 U.S.C. §§ 371 and 201(b)(2)(A). He was sentenced on January 5, 2001, to 21 months of imprisonment, three years supervised release, and a $2,200 special assessment.

From 1995 through 1999, Shandorf was an asylum officer with the Rosedale, New York, asylum office of the Immigration and Naturalization Service ("INS"). The jury found that, in 1997 and 1998, he solicited and received cash bribes through three middlemen in exchange for granting political asylum to numerous foreign nationals. At trial, the three middlemen testified that Shandorf received bribes from them. Additionally, a special agent of the Federal Bureau of Investigation, Daniel Lyons, testified that, after his arrest, Shandorf admitted receiving bribes. Special Agent Robert Franco of the Office of Inspector General of the Department of Justice was present when Shandorf made his admissions, but Franco did not testify at trial.

Shandorf testified on his own behalf and admitted that one of the middlemen had offered him a bribe but denied ever accepting a bribe or admitting accepting bribes. During Shandorf's direct examination, the trial judge interrupted a series of questions about INS procedures to ask, "Did you take any money in connection with this case?" Shandorf said that he had not. A short time later, Shandorf's attorney objected to the question, arguing that the judge's question indicated to the jury his belief that Shandorf was not credible.

Shandorf asserts on appeal that (1) the district court deprived him of a fair trial by questioning him improperly; (2) the prosecutor improperly vouched for a witness during summation; (3) the government improperly failed to disclose information that would have materially helped the

defense; and (4) the court made insufficient findings to impose a sentencing enhancement for obstruction of justice. We consider each contention in turn.

■ Although the district court's question may have been ill-advised because it was not necessary to clarify an ambiguity and would likely have been asked by the prosecution on cross-examination, it was not reversible error. A court may ask questions to "clarify[ ] ambiguities, correct[ ] misstatements, or obtain[ ] information needed to make rulings" as long as it does not "step across the line and become an advocate for one side." *United States v. Messina*, 131 F.3d 36, 39 (2d Cir.1997) (quotations omitted). The district court did not question the defendant in an argumentative way and only asked one question, without follow-up. Furthermore, the court gave a cautionary instruction, specifying that questions from the court should not be regarded as implying any opinion about the evidence, both at the beginning of the evidence and in its charge to the jury. Under these circumstances, it cannot be said that the judge acted as "an advocate for one side" or deprived Shandorf of a fair trial.

■ Shandorf's second claim on appeal is that the prosecutor improperly vouched for its witnesses during summation by saying, "I submit to you that their testimony was truthful" and arguing that the cooperation agreements that the middlemen had entered into gave them motives to tell the truth, not to lie. No objection was made to the remark, and, consequently, Shandorf is required to show that the remark was a "flagrant abuse." *United States v. Araujo*, 79 F.3d 7, 9 (2d Cir.1996). Although use of the pronoun "I" is inadvisable, "I submit" permissibly indicates the beginning of a contention or argument, not a personal belief. *United States v. Eltayib*, 88 F.3d 157, 173 (2d

Cir.1996). A prosecutor may acceptably argue that a cooperating witness's agreement with the government creates an incentive to tell the truth. Consequently, we hold that the prosecutor's statement was permissible.

■ Shortly before sentencing, the government informed Shandorf's counsel that Special Agent Robert Franco had been named in an earlier, unrelated civil suit, since dismissed, that alleged false arrest, excessive force, and an unreasonable search of an INS agent. Shandorf argues that by failing to inform him of the civil case prior to trial, the government violated the requirement to disclose information that would materially help the defense. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The government correctly responds that the information was not material because Franco was not a witness at trial and Shandorf could not permissibly have called Franco as a hostile witness for the sole purpose of impeaching him. *See United States v. Zackson*, 12 F.3d 1178, 1184–85 (2d Cir.1993).

■ Shandorf's final claim on appeal is that the district court made insufficient findings to support the sentencing enhancement. We decline to consider this argument because it was waived by Shandorf's failure to object to the enhancement at the sentencing hearing.

For the foregoing reasons, the judgment of the district court is AFFIRMED.